Case 1:26-cv-05057-CM Document 32-1 Filed 09/08/26 Page 1 of 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2026

NEW MILLENNIUM CONCEPTS LTD., JAMES BRYSON SHEPHERD TRUST, and THE TRUSTEES OF THE JAMES BRYSON TRUST,

Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No. 26-cv-05057

**AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT AS TO CERTAIN DEFENDANTS**

Plaintiffs NEW MILLENNIUM CONCEPTS LTD., JAMES BRYSON SHEPHERD TRUST, and THE TRUSTEES OF THE JAMES BRYSON TRUST (collectively, "Plaintiffs") commenced this action against Defendants ffgasjhdama (Defendant No. 42) and Home living appliances (Defendant No. 63) (collectively, "Defendants"). Plaintiffs and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants because they have operated interactive e-commerce stores targeting consumers in the United States, including New York: offered shipping to New York; accepted payment in U.S. dollars; and offered for sale products using infringing and counterfeit versions of the BERKEY Trademarks (the "Counterfeit Products") to residents of New York.

Case 1:26-cv-05057-CM Document 32-1 Filed 09/08/26 Page 2 of 4

The "BERKEY Trademarks" include U.S. Trademark Registration Nos. 3,721,529; 4,895,008; 6,976,825; 6,994,295: 7,363,233; 7,639,366; and 7,639,367.

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting under (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and unfair competition under New York common law.

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them are permanently enjoined and restrained from:

   a. using the BERKEY Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BERKEY product or is not authorized by Plaintiffs to be sold in connection with the BERKEY Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BERKEY product, or any other product produced by Plaintiffs, that is not Plaintiffs' product or is not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the BERKEY Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are products sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

Case 1:26-cv-05057-CM Document 32-1 Filed 09/08/26 Page 3 of 4

d. further infringing the BERKEY Trademarks or damaging Plaintiffs' goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the BERKEY Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendants shall collectively pay Plaintiffs a total of $5,000 in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from the Walmart account associated with Home living appliances (Defendant No. 63), Walmart Seller ID 10003132287, to Plaintiffs within seven (7) calendar days after receipt of this Consent Judgment.

4. Upon Walmart's transfer of the Damages Amount to Plaintiffs pursuant to paragraph 3, the relevant Marketplace Platforms, including Walmart and SHEIN, shall remove all restraints imposed in connection with this action from Defendants' e-commerce stores and associated financial accounts, including the Walmart store Home living appliances (Defendant No. 63), Walmart Seller ID 10003132287, and the SHEIN store ffgasjhdama (Defendant No. 42).

5. Plaintiffs' claims against Defendants are dismissed without prejudice, with leave to reinstate within one hundred and eighty (180) days after entry of this Consent Judgment. If no motion to reinstate is filed within that period, the dismissal shall

Case 1:26-cv-05057-CM Document 32-1 Filed 09/08/26 Page 4 of 4

automatically convert to a dismissal with prejudice without further order of the Court. All other claims in this action remain unaffected.

6. Each party shall bear its own attorneys' fees and costs.

**IT IS SO ORDERED.**

DATED: 9 September, 2026

HON. COLLEEN McMAHON
United States District Judge